IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 05-CV-00283-RPM-CBS

JEANNA GOUGH,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

## STIPULATED MOTION FOR PROTECTIVE ORDER

    Defendant, Allstate Insurance Company, through its attorneys, Walberg, Dagner & Tucker, P.C., and Plaintiff, Jeanna Gough, through their respective counsel, stipulate and agree that the Court shall hereby enter this Stipulation and Protective Order ("Protective Order") as set forth below.

### STIPULATION REGARDING TRADE SECRETS

    WHEREAS, information (via production of documents, responses to interrogatories, depositions, or by other means) may be or has been produced or obtained, relating to trade secrets and confidential information embodied in the documentation produced by Allstate in discovery and disclosures in this litigation ("Information").

    Through their undersigned counsel, Gough and Allstate hereby AGREE AND STIPULATE that the following conditions and restrictions shall govern the access to and the use and disclosure of Information:

### PROTECTIVE ORDER REGARDING TRADE SECRETS

1. This Protective Order replaces and supercedes any previous agreements between Allstate and Gough that relate to Information. Any previous agreements remain in effect for all documents and information not related to Information.

2. This Protective Order may be altered, amended or changed only in writing. Such writing shall be signed by counsel for Gough and Allstate and must be approved and ordered by the Court.

3. All documents containing Information shall be marked "TRADE SECRET MATERIALS—CONFIDENTIAL—DUPLICATION OR DISTRIBUTION RESTRICTED BY COURT ORDER, *"Jeanna Gough, Plaintiff* v. *Allstate Insurance Company, Defendant Case No. 05-M-283 (CBS), U. S. District Court."* The foregoing marking shall be placed in a clear, obvious, and permanent manner on every page of documents containing Information, but shall not obscure any information contained therein.

4. All Information relating to this action is to be used solely for the purpose of this action and for no other purposes whatsoever, except as otherwise authorized by Allstate.

5. Information shall be maintained in strict confidence by counsel and parties and shall be disclosed to only the following:

    a. counsel of record and members or employees of counsel's firm who are engaged in the preparation for or the trial of this action;

    b. any party to this action;

    c. court reporters in the performance of their official duties;

-2-

    d.  this Court or any other court before which the litigation is pending, including any court personnel;

    e.  expert witnesses retained by the parties for consulting or testifying purposes, as detailed in Paragraph 6, below, provided that each such expert has also agreed in writing (in the form attached as Appendix A) to be bound by this Protective Order;

    f.  witnesses and/or prospective witnesses who have agreed in writing (in the form attached as Appendix A) to be bound by this Protective Order, and their counsel, if any, provided such counsel also has agreed in writing (in the form attached as Appendix A) to be bound by this Protective Order, and

    g.  any other person approved in writing by Allstate.

  6.  Allstate and/or Gough may wish to utilize the services of experts or consultants for trial preparation and/or the trial of this action. Information may be disclosed to such experts or consultants provided that, prior to disclosure of such Information, Allstate and/or Gough, their agents or attorneys, obtain and serve on counsel for Allstate a copy of the agreement attached as Appendix A, attached hereto, signed by each expert or consultant.

  7.  If any Information is attached to, characterized in, quoted in, or otherwise referenced in any motion, memorandum, brief, affidavit, deposition transcript or deposition exhibit, or any other paper, submitted to the Court in this action, then such documents must be filed under seal and the party submitting such documents to the Court must follow the procedures for requesting permission to file a document under seal that are set out in D. Such documents, when filed under seal, shall bear the following notation on the outside of the sealed envelope, beneath the caption of this action,

"TRADE SECRET MATERIALS—CONFIDENTIAL—SEALED—SUBJECT TO PROTECTIVE ORDER." The foregoing marking shall also be placed in a clear, obvious, and permanent manner on every page of such papers. Such papers will be maintained as confidential by the Clerk of the Court and shall not be made available for public viewing or inspection.

8.   If Information is referenced in any depositions or exhibits to such deposition transcripts, then the transcripts of those depositions shall be sealed and marked "TRADE SECRET MATERIALS—CONFIDENTIAL—DUPLICATION OR DISTRIBUTION RESTRICTED BY COURT ORDER, *"Jeanna Gough, Plaintiff* v. *Allstate Insurance Company, Defendant Case No. 05-M-283 (CBS), U. S. District Court."* The foregoing marking shall be placed in a clear, obvious, and permanent manner on every page of the sealed transcript or attachment. Such transcripts and attachments will be maintained as confidential by the parties and shall not be made available for public viewing or inspection, except as provided herein.

9.   No person shall make copies, extracts or summaries of documents containing Information except under the supervision of counsel, when, in the judgment of counsel, such copies or other papers are necessary for the conduct of litigation. Counsel and all other persons to whom Information is disclosed pursuant to paragraph 5 of this Protective Order shall take all reasonable and appropriate precautions to avoid loss or inadvertent disclosure of such Information.

10.   Unless otherwise agreed to in writing by the parties, upon final termination of this action, whether by settlement, judgment or appeal, each party shall, within thirty (30) days, assemble and return to Allstate all copies, extracts and summaries of all documents that contain Information which has been produced in this action, excepting that each party's counsel shall be permitted to

retain within counsel's files Information that constitutes attorney work product and Information that was incorporated in any document submitted to the Court. Such retained Information shall remain subject to the provisions of this Stipulated Protective Order.

DATED: July 26, 2005

        Respectfully submitted,

        **WALBERG, DAGNER & TUCKER, P.C.**

    By: *s/ Andrew A. Scott*
      Andrew A. Scott
      Attorneys for Defendant Allstate Ins. Co.
      Quebec Centre II, Suite 300
      7400 East Caley Avenue
      Englewood, CO 80111-6714
      (303) 694-9300
      E-mail: aas@wdtlaw.com

DATED: July 27, 2005

        Respectfully submitted,

        **McCORMICK & MURPHY, P.C.**

    By: *s/ Kirk R. McCormick*
      Kirk R. McCormick
      Attorneys for Plaintiff Jeanna Gough
      318 South 8th Street
      Colorado Springs, CO 80905
      719-389-0400
      E-mail: KirkMcCorm@aol.com

DATED at Denver, Colorado, this \_1st\_ day of November, 2005.

BY THE COURT:

/s/ Craig B. Shaffer
United States Magistrate Judge